**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 14-4447**

—————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

CHARLIE MCCANTS, JR.,

               Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of South Carolina, at Columbia. Margaret B. Seymour, Senior District Judge. (3:12-cr-00768-MBS-1)

—————————

Submitted: October 30, 2014      Decided: November 10, 2014

—————————

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Timothy W. Murphy, KOLB & MURPHY, ATTORNEYS AT LAW, LLC, Sumter, South Carolina, for Appellant. William N. Nettles, United States Attorney, T. DeWayne Pearson, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Charlie McCants, Jr., of passing fictitious financial obligations, in violation of 18 U.S.C. § 514 (2012). McCants appeals his convictions, challenging the district court's refusal to give a good faith jury instruction. We affirm.

In determining whether the district court erred in its instructions to the jury, we "review the district court's jury instructions in their entirety and as part of the whole trial, and focus on whether the district court adequately instructed the jury regarding the elements of the offense and the defendant's defenses." United States v. Wilson, 198 F.3d 467, 469 (4th Cir. 1999) (citation omitted). We consider de novo whether a district court has properly instructed a jury on the statutory elements of an offense, United States v. Woods, 710 F.3d 195, 207 (4th Cir. 2013), but review for abuse of discretion the district court's decision as to whether to give a jury instruction and the content of the instruction. See United States v. Jinwright, 683 F.3d 471, 478 (4th Cir. 2012). A court's refusal to give a requested instruction is reversible error if the instruction "(1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the

2

defendant's ability to conduct his defense." United States v. Lespier, 725 F.3d 437, 449 (4th Cir. 2013) (internal quotation marks omitted), cert denied, 134 S. Ct. 974 (2014).

We conclude that the district court provided an adequate specific intent instruction to the jury, and thus was not required to give an additional instruction on good faith. See United States v. Fowler, 932 F.2d 306, 317 (4th Cir. 1991) (holding good faith jury instruction unnecessary when court gave adequate specific intent instruction). Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED